OBIE WOOD v. THE STATE.

No. 16343. Delivered January 31, 1934.
Rehearing Denied March 21, 1934.
Reported in 69 S. W. (2d) 127.

The opinion states the case.

*L. C. Counts,* of Olney, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the theft of one radio of the value of $75.00, and his punishment assessed at confinement in the state penitentiary for a term of 2 years.

The facts adduced upon the trial are in substance as follows: Harold McCord and Haskell Daniels were living in the same house. Harold McCord and his family occupied the two east rooms and Haskell Daniels and his family occupied the three west rooms of said house. On the 12th day of January, 1933, about 3 p. m., Obie Wood and Delbert King were at the house occupied by the said Daniels and McCord, at which time Obie Wood asked McCord what kind of radio he had. That evening between 7 and 8 o'clock Mr. Daniels and Mr. McCord left the house and went on a visit to Mr. McCord's brother and during their absence the radio belonging to Mr. McCord disappeared from his apartment. Some four or five days later the radio was found in the possession of Boyd Shannon at Fort Worth, Texas, and when questioned as to how he came into possession of said radio he explained that on the morning of January 13, between 7 and 8 o'clock the appellant Obie Wood,

and one Delbert King came to his place of business in the city of Fort Worth and wanted to pawn a radio and he let them have $22.50 on the same. The testimony also shows that Boyd Shannon had been convicted of the offense of violating the liquor law and was then out on a furlough. The radio which was found in the possession of Boyd Shannon was positively identified as the radio that was taken from the possession of Mr. McCord without his consent.

The appellant contends that the evidence is wholly insufficient to warrant a conviction inasmuch as the recently stolen property was found in possession of Boyd Shannon. If that testimony stood alone without any explanation on the part of Boyd Shannon as to how he acquired it or how he came into possession of the same, there would be some merit in his contention, but Boyd Shannon, when first questioned as to how he came into possession of said property, explained that said radio was brought to his place of business by the appellant and Delbert King and they had pawned the same on the 13th day of January, 1933, the day after the property had been stolen. This placed the possession of the recently stolen property in the appellant and the appellant not having offered any explanation of how he came into possession of the same nor made any denial of the fact that he and Delbert King pawned the same to the said Boyd Shannon, an inference of guilt would arise. It was further shown by the evidence that the appellant and Delbert King were on the premises a few hours prior to the time that the radio was taken. There is not any evidence in the record to show that Boyd Shannon was anywhere near the home of Harold McCord on the day or about the time that the radio was taken. We believe that the testimony as above set forth supports the verdict of the jury. The credibility of the witnesses and the weight to be given to their testimony was submitted to the jury for their determination and we are not authorized under the facts above detailed to disturb their finding.

It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the light of appellant's motion we have again examined the statement of facts. No doubt arises

in our minds as to the sufficiency of the evidence. A more extended discussion of the facts than is found in our original opinion is not deemed necessary. The facts are brief.

The motion for rehearing is overruled.

*Overruled.*